UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

SARAH COMBS,

*Plaintiff-Appellant,*

v.

WAL-MART STORES, INCORPORATED,
*Defendant-Appellee.*

No. 02-1516

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Tommy E. Miller, Magistrate Judge.
(CA-01-106-4)

Argued: February 26, 2003

Decided: March 21, 2003

Before NIEMEYER and TRAXLER, Circuit Judges, and
C. ARLEN BEAM, Senior Circuit Judge of the
United States Court of Appeals for the
Eighth Circuit, sitting by designation.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Ted G. Yoakam, DAVID, KAMP & FRANK, L.L.C.,
Newport News, Virginia, for Appellant. Samantha Stecker Otero,
MORRIS & MORRIS, Richmond, Virginia, for Appellee. **ON
BRIEF:** Joshua M. David, DAVID, KAMP & FRANK, L.L.C., New-
port News, Virginia, for Appellant.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Sarah Combs commenced this action for damages against Wal-Mart Stores, Inc. in State court based on injuries that she allegedly sustained as the result of an encounter with a Wal-Mart store clerk in Newport News, Virginia. Combs alleged that during the incident, the store clerk "slammed" a plastic wastebasket on her hand which was on the checkout counter. Combs' complaint alleged negligence, intentional infliction of emotional distress, and assault and battery, and she demanded $500,000 in compensatory damages and $1 million in punitive damages. Wal-Mart removed this case from State court to federal court based on diversity jurisdiction, and, following a jury trial, the jury returned a verdict in favor of Wal-Mart. This appeal followed.

On appeal, Combs contends first that the district court erred in granting a Rule 50(a) judgment in favor of Wal-Mart on the intentional-infliction and assault-and-battery claims after Combs presented her evidence on these claims. Wal-Mart argues that Combs' testimony, which was the only evidence in support of finding intentional conduct, was unreliable because Combs conceded in deposition testimony that "I truthfully don't believe [the clerk] meant" to hit her hand, yet at trial she changed her position and testified that she was "fully convinced" that the clerk meant to do it. While on review of the district court's ruling we must take the evidence in a light most favorable to Combs, we conclude that the record fails to support Combs' opinion that the clerk's conduct in "slamming" the plastic wastebasket on Combs' hand was intentional. Combs simply provided no direct or circumstantial evidence from which a jury could conclude that the conduct was intentional, as she asserted. Thus, we agree with the district court that Combs did not establish a legally sufficient basis for a reasonable jury to find in her favor on either of these claims.

Combs also contends that the district court erred in receiving testimony of a racist remark allegedly made by her during the encounter and in halting Combs' interrogation of Wal-Mart about why videotaped recordings of the incident did not exist and were not maintained by Wal-Mart. When reviewing evidentiary rulings made by a trial court, we review for abuse of discretion.

In this case, the record does not support a conclusion that the district court abused its discretion on either of these rulings. The racist comment was allegedly made by Combs during the encounter between Combs and the clerk and provided an explanation for statements and actions that followed. It also permitted the jury to assess whose version of the events, which diverged substantially, was the more credible one.

The district court's prohibition against Combs' interrogation that was aimed at suggesting Wal-Mart's spoliation of videotape evidence does not constitute reversible error. Without deciding its admissibility, in light of the overwhelming evidence in the case against Combs, any possible error in its prohibition was harmless.

Finally, on Combs' assignment of error with respect to two evidentiary rulings relating to admissibility of expert testimony, we conclude, after having reviewed the record, that the district court did not abuse its broad discretion.

Because we have concluded that the district court did not commit reversible error requiring a new trial, the two issues that Combs raised relating to evidentiary rulings on the admissibility of evidence going to the nature and extent of her injuries have become moot.

Accordingly, we affirm the judgment of the district court.

*AFFIRMED*